Sean M. Carroll (#027171)
Daniel P. Thiel (#035831)
**CLARK HILL PLC**
14850 N Scottsdale Road, Suite 500
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Email:   scarroll@clarkhill.com
          dthiel@clarkhill.com

*Attorneys for Defendant Travelers Personal Insurance Company*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Theresa Smith,<br><br>                    Plaintiff,<br><br>vs.<br><br>Travelers Personal Insurance Company, a Connecticut corporation; and XYZ I-III; ABC Partnerships I-III; John and Jane Does I-III,<br><br>                    Defendants. | No. 2:23-cv-01846-DWL<br><br>**DEFENDANT TRAVELERS PERSONAL INSURANCE COMPANY'S ANSWER** |

For its Answer to the Complaint filed by Plaintiff Theresa Smith ("*Plaintiff*"), Defendant Travelers Personal Insurance Company ("*Travelers*") hereby responds as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Answering Paragraph 1 of Plaintiff's Complaint, Travelers states that it lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1, and on that basis, the allegations are denied.

2.      Answering Paragraph 2 of Plaintiff's Complaint, Travelers admits only that Travelers issued a policy of insurance to Plaintiff, bearing policy No. 611206067-633-1,

and a stated term of March 1, 2022 – March 1, 2023 (the "***Policy***"), that the Policy identifies the residence premises as 3401 E. Southern Avenue, Mesa, Arizona 85204 (the "***Property***"), and that the Policy is subject to all the terms, conditions, exclusions, and limitations contained in it. Travelers denies all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Answering Paragraph 3 of Plaintiff's Complaint, Travelers admits only that it is incorporated in Connecticut, with its principal place of business in Connecticut, and Travelers is admitted to do business in Arizona. Travelers denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint does not contain any allegations against Travelers. Therefore, no response is required. In the event that a response is required, Travelers lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4, and on that basis, the allegations are denied.

5. Travelers denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Answering Paragraph 6 of Plaintiff's Complaint, Travelers states that Paragraph 6 contains allegations referring to the appropriateness of venue and jurisdiction in an Arizona Superior Court, which is inapplicable because this action was removed to the United States District Court for the District of Arizona. Therefore, no response is required. In the event that a response is required, Travelers denies the allegations.

**<u>TIER</u>**

7. Answering Paragraph 7 of Plaintiff's Complaint, Travelers states that Paragraph 7 contains allegations referring to the appropriate discovery tier for an action filed in an Arizona Superior Court, which is inapplicable because this action was removed to the United States District Court for the District of Arizona. Therefore, no

response is required. In the event that a response is required, Travelers denies the allegations.

## ALLEGATIONS

8.    Travelers incorporates by reference all prior responses as if fully set forth herein.

9.    Answering Paragraph 9 of Plaintiff's Complaint, Travelers states that it lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9, and on that basis, the allegations are denied.

10.    Answering Paragraph 10 of Plaintiff's Complaint, Travelers admits only that Travelers issued the Policy to Plaintiff, which Policy lists the Property as the residence premises, and which Policy is subject to all the terms, conditions, exclusions, and limitations of the Policy. Travelers denies all remaining allegations contained in Paragraph 10.

11.    Travelers denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    Answering Paragraph 12 of Plaintiff's Complaint, Travelers states that it lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12, and on that basis, the allegations are denied.

13.    Answering Paragraph 13 of Plaintiff's Complaint, Travelers states that it lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13, and on that basis, the allegations are denied.

14.    Answering Paragraph 14 of Plaintiff's Complaint, Travelers admits only that on some date, Plaintiff submitted a claim for damage to the Property under the Policy, and that Travelers designated it claim No. IYI5387. Travelers denies all remaining allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 of Plaintiff's Complaint refer to a written document that speaks for itself. Therefore, no response is required. In the event a response is required, Travelers denies the allegations contained in Paragraph 15.

16. Answering Paragraph 16 of Plaintiff's Complaint, Travelers states that it lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16, and on that basis, the allegations are denied.

17. Paragraph 17 of Plaintiff's Complaint states a legal conclusion to which no response is required. In the event that a response is required, Travelers denies the allegations contained in Paragraph 17.

18. Paragraph 18 of Plaintiff's Complaint states a legal conclusion to which no response is required. In the event that a response is required, Travelers denies the allegations contained in Paragraph 18.

19. Paragraph 19 of Plaintiff's Complaint states a legal conclusion to which no response is required. In the event that a response is required, Travelers denies the allegations contained in Paragraph 19.

20. Paragraph 20 of Plaintiff's Complaint states a legal conclusion to which no response is required. In the event that a response is required, Travelers denies the allegations contained in Paragraph 20.

21. Travelers denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint refer to a written document that speaks for itself and further state a legal conclusion. Therefore, no response is required. In the event a response is required, Travelers denies the allegations contained in Paragraph 22.

23. Travelers denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Travelers denies the allegations contained in Paragraph 24 of Plaintiff's

Complaint.

25. Travelers denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Travelers denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Travelers denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Travelers denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Travelers denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## COUNT ONE: BREACH OF CONTRACT

30. Travelers incorporates by reference all prior responses as if fully set forth herein.

31. Answering Paragraph 31 of Plaintiff's Complaint, Travelers admits only that the date of July 13, 2022 falls within the stated Policy term of March 1, 2022 – March 1, 2023, and that the Policy was subject to all the terms, conditions, exclusions, and limitations of the Policy. Travelers denies all remaining allegations contained in Paragraph 31.

32. Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. In the event that a response is required, Travelers denies the allegations contained in Paragraph 32.

33. Travelers denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint refer to a written document that speaks for itself and further state a legal conclusion. Therefore,

no response is required. In the event a response is required, Travelers denies the allegations contained in Paragraph 34.

35. Answering Paragraph 35 of Plaintiff's Complaint, Travelers admits only that it did not issue payments in the amounts sought by Plaintiff under the Policy. Travelers denies all remaining allegations contained in Paragraph 35.

36. Travelers denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint refer to a written document that speaks for itself and further state a legal conclusion. Therefore, no response is required. In the event a response is required, Travelers denies the allegations contained in Paragraph 37.

38. Travelers denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. The allegations contained in Paragraph 39 of Plaintiff's Complaint refer to a written document that speaks for itself and further state a legal conclusion. Therefore, no response is required. In the event a response is required, Travelers denies the allegations contained in Paragraph 39.

40. Answering Paragraph 40 of Plaintiff's Complaint, Travelers states that it lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40, and on that basis, the allegations are denied.

41. Paragraph 41 of Plaintiff's Complaint does not contain any allegations against Travelers. Therefore, no response is required. In the event that a response is required, Travelers lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41, and on that basis, the allegations are denied.

42. Travelers denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## COUNT TWO: BAD FAITH AGAINST TRAVELERS

43.     Travelers incorporates by reference all prior responses as if fully set forth herein.

44.     Paragraph 44 of Plaintiff's Complaint contains no allegations against Travelers and states a legal conclusion. Therefore, no response is required. In the event a response is required, Travelers denies the allegations contained in Paragraph 44.

45.     Paragraph 45 of Plaintiff's Complaint contains no allegations against Travelers. Therefore, no response is required. In the event that a response is required, Travelers lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45, and on that basis, the allegations are denied.

46.     Paragraph 46 of Plaintiff's Complaint contains no allegations against Travelers. Therefore, no response is required. In the event that a response is required, Travelers lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46, and on that basis, the allegations are denied.

47.     Answering Paragraph 47 of Plaintiff's Complaint, Travelers admits only that the date of July 13, 2022 falls within the stated Policy term of March 1, 2022 – March 1, 2023, and that the Policy was subject to all the terms, conditions, exclusions, and limitations of the Policy. Travelers denies all remaining allegations contained in Paragraph 47.

48.     Paragraph 48 of Plaintiff's Complaint states a legal conclusion to which no response is required. In the event that a response is required, Travelers lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 48, and on that basis, the allegations are denied.

49.     Travelers denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Travelers denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.    Travelers denies the allegations contained in Paragraph 51 of Plaintiff's Complaint, inclusive of Paragraph 51's subparagraphs (a) – (d).

52.    Travelers denies the allegations contained in Paragraph 52 of Plaintiff's Complaint, inclusive of Paragraph 52's subparagraph (a).

**PRAYER FOR RELIEF**

Answering Plaintiff's Prayer for Relief, Travelers denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief contained in Plaintiff's Complaint, or any relief at all.

**GENERAL DENIAL**

Travelers denies each and every allegation contained in Plaintiff's Complaint not expressly admitted or otherwise answered.

**AFFIRMATIVE DEFENSES**

1.    Travelers raises each of the following affirmative defenses to each cause of action in Plaintiff's Complaint and to each of the alleged acts and/or omissions alleged against Travelers by Plaintiff.

2.    Travelers alleges the affirmative defenses set forth herein without assuming the burden of proof for such affirmative defenses where the burden of such affirmative defense is not upon Travelers.

3.    Travelers affirmatively alleges that Plaintiff's Complaint fails to state a claim for which relief may be granted against Travelers.

4.    Travelers affirmatively alleges that Plaintiff's claims are barred and/or limited by the applicable limitations provision included in the Policy and any other applicable statute of limitation or agreement.

5.    Travelers affirmatively alleges that Plaintiff's claims and damages, if any, are excluded and/or limited by the applicable terms, conditions, exclusions, and/or limitations contained within the Policy.

6.    Travelers affirmatively alleges that its coverage decision was reasonable,

and/or whether coverage existed for Plaintiff's claim was, at the very least, fairly debatable, in light of the facts and law known to Travelers at the time of its coverage decision.

7.      Travelers affirmatively alleges that Plaintiff's claims and damages, if any, are limited to the amount of Plaintiff's interest in the Property at the time of the alleged loss.

8.      Travelers affirmatively alleges that Plaintiff's claims are barred or limited by Plaintiff's failure to mitigate damages.

9.      Travelers affirmatively alleges that Plaintiff's claims are barred or limited by Plaintiff's failure to perform her duties under the Policy.

10.     Travelers affirmatively alleges that Plaintiff failed to provide timely notice of her claim to Travelers.

11.     Travelers affirmatively alleges that Plaintiff failed to fulfill the conditions precedent to coverage under the Policy at issue in this lawsuit.

12.     Travelers affirmatively alleges that Plaintiff's claims are or may be barred or limited by the applicable doctrine of laches, accord and satisfaction, estoppel, or waiver, or by any applicable contract, releases, and/or agreements.

13.     Travelers affirmatively alleges that Plaintiff's claims are barred or limited by Plaintiff's concealment or misrepresentation, in connection with submitting the claim at issue under the Policy.

14.     Travelers affirmatively alleges that Plaintiff's claims are barred or limited by Plaintiff's breach of the Policy.

15.     Travelers affirmatively alleges that all investigations, evaluations, and considerations it performed related to the Policy were reasonable.

16.     Travelers affirmatively alleges that if Plaintiff sustained any of her alleged damages, those damages were caused by persons and/or entities over whom Travelers had no control and for whom Travelers is not responsible.

9

17.    Travelers affirmatively alleges that Plaintiff's alleged damages, if any, were caused by the intervening and/or superseding acts and/or omissions of persons and/or entities for whose conduct Travelers cannot be held liable.

18.    Travelers alleges and reserves all defenses pursuant to Fed.R.Civ.P. 12(b)(1)-(7), Fed.R.Civ.P., including, without limitation, Fed.R.Civ.P. 12(b)(6).

19.    Travelers reserves the right to assert other affirmative defenses under Fed.R.Civ.P. 8, and other relevant rules, statutes, and authorities as they are learned through discovery.

**WHEREFORE**, having answered Plaintiff's Complaint in full, Travelers denies that Plaintiff is entitled to relief of damages in the amount claimed, or in any amount, and denies any right to interest, costs and attorneys' fees. Travelers, therefore, prays for judgment as follows:

A.    That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing;

B.    For an award to Travelers for all attorneys' fees and costs incurred herein under any basis provided by Arizona, federal statutory, or common law, including, without limitation, A.R.S. §§ 12-341.01, 12-341, or any agreement between the parties; and

C.    For such other and further relief as the Court deems just and proper.

DATED this 6th day of September, 2023.

**CLARK HILL PLC**


By: _s/ Sean M. Carroll_
        Sean M. Carroll
        Daniel P. Thiel
        14850 N. Scottsdale Road, Suite 500
        Scottsdale, Arizona 85254
        *Attorneys for Defendant Travelers*
        *Personal Insurance Company*

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Service of Electronic Filing to all individuals registered with CM/ECF.


  *s/ Kathy Lesage*

11

472639\273101782.v3