# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theresa Smith, | No. CV-23-01846-PHX-DWL |
| Plaintiff, | |
| v. | **ORDER REQUIRING RULE 26(f) REPORT** |
| Travelers Personal Insurance Company, et al., | |
| Defendants. | |

Pursuant to Rule 16(b)(1) of the Federal Rules of Civil Procedure, the Court will issue a scheduling order after receiving the parties' Rule 26(f) report. After reviewing the Rule 26(f) report, the Court will set a case management conference if meeting with the parties appears necessary or helpful.

Accordingly,

**IT IS ORDERED as follows**:

The parties are directed to meet,[1] confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed no later than **October 23, 2023.** It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately numbered paragraphs.

---

[1] The meeting does not need to be in-person.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;

2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);

3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;

4. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings;

5. The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction;

6. A description of the basis for the Court's subject matter jurisdiction (see the accompanying footnote), citing specific jurisdictional statutes;[2]

7. A short statement of the nature of the case (no more than 3 pages), including a description of each claim, defense, and affirmative defense;

8. A listing of contemplated motions and a statement of the issues to be decided by those motions;

9. The prospects for settlement, including whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference;

[2]    If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their partners, owners, or members is a citizen. *See* 28 U.S.C. §1332(c); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).  As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction. *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905).  "To be a citizen of a state, a natural person must first be a citizen of the United States.  The natural person's state citizenship is then determined by her state of domicile, not her state of residence.  A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added).  The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") does not create diversity jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970).  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10. The status of any related cases pending before this or other courts;

11. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced;

12. A discussion of any issues relating to claims of privilege or work product;

13. A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:

   a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

   b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

   c. The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as 20 total hours for Plaintiffs and 20 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.

14. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind that civil trials should occur within 18 months of the filing of the complaint. 28 U.S.C. § 473(a)(2)(B). The Case Management Order will specify trial scheduling up to the final pretrial conference. Once the dates have been set in the Case Management Order, the Court **will not** vary them without good cause, even if the parties would otherwise stipulate to do so. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension:

   a. A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is

the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;

b. Dates for full and complete expert disclosures and rebuttal expert disclosures, if any;

c. A deadline for completion of all expert depositions;

d. A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case;

e. A deadline for filing dispositive motions;

f. Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing;

g. A date by which the parties shall have engaged in face-to-face good faith settlement talks;

h. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons);

i. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

15. A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why this would be helpful.

**IT IS FURTHER ORDERED** that within 10 days, Plaintiff(s) must serve this Order on any Defendant that has not yet appeared or answered.

Dated this 25th day of September, 2023.

_____
Dominic W. Lanza
United States District Judge

- 4 -